UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00021-RGJ

DANIEL COBBLE                                                                                           PLAINTIFF

V.

MICHAEL A. BENNETT                                                                                DEFENDANT

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion and an Amended Motion to Remand by Plaintiff Daniel Cobble ("Cobble"), *pro se*, [DE 5; DE 6], on a Motion to Dismiss by Defendant, Michael A. Bennett ("Bennett") [DE 21], and on Motions for Relief against Repetitive and Vexatious Filings by Bennett [DE 22; DE 25]. Briefing is complete, and the matter is ripe. [DE 18; DE 19; DE 20; DE 23; DE 24]. For the reasons below, the Court **DENIES** Cobble's Motion and Amended Motion to Remand [DE 5; DE 6], **GRANTS** Bennett's Motion to Dismiss [DE 21], and **GRANTS** Bennett's Motions for Relief against Repetitive and Vexatious Filings [DE 22; DE 25].

### I.  BACKGROUND

Cobble's complaint arises out of his criminal indictment, conviction, sentencing, and order of restitution for pouring tar on the federal courthouse steps and in the federal courthouse entryway in Louisville, Kentucky on May 26, 2006—*United States v. Daniel L. Cobble*, Criminal Action No. 3:06-CR-93-TBR. At his sentencing in the federal criminal matter, Cobble opposed the imposition of restitution, arguing in part that the government lacked "territorial jurisdiction." *United States v. Cobble*, Criminal Action No. 3:06-CR-93-TBR, DE 240. In June of 2007, the Court ordered Cobble to pay $15,639.21 in restitution. *Id.* at DE 242. Cobble unsuccessfully

moved to reconsider the order of restitution. *Id.* at DE 243; DE 245. In light of the restitution order, the United States Attorney's Office filed a federal criminal judgment lien in Jefferson County, Kentucky, in August of 2007. [DE 1-1 at 4]. The lien was made against Cobble's property pursuant to 18 U.S.C. § 3613(c), (d).

In December of 2020, Cobble filed this suit against the United States Attorney for the Western District of Kentucky, now Michael A. Bennett ("Bennett"), in Franklin Circuit Court seeking an injunction "for release of a falsified lien held by the U. S. Attorneys office in Louisville, Kentucky." [DE 1-1 at ¶ 1]. Bennett timely removed this action to the Eastern District of Kentucky because the action was against a federal official. [DE 1 at ¶ 4]. Cobble moved to remand this case to state court. [DE 5; DE 6]. The Eastern District of Kentucky transferred this action to this Court because both parties reside in the Western District of Kentucky, the present matter is directly related to Cobble's federal case, and the property that is the subject of this action is situated in the Western District of Kentucky. [DE 7]. Once transferred, Cobble filed a Notice of Case Withdrawal in which he purported to voluntarily remand this case to the Franklin Circuit Court. [DE 16]. On April 6, 2021, the Court ordered Bennett to file a response to Cobble's motion and amended motion to remand and denied Cobble's attempt to voluntarily remand the case to state court in his Notice of Case Withdrawal. [DE 17]. In addition to filing his response to the motion and amended motion to remand, Bennett now moves to dismiss this action [DE 21] and for relief against repetitive and vexatious filings by Cobble [DE 22; DE 25]. The Court will address the parties' motions in turn.

## II. MOTION TO REMAND

Bennett removed this action to the United States District Court pursuant to the federal-officer removal statute, 28 U.S.C. § 1442(a)(1). [DE 1 at 2]. In response, Cobble filed a motion

and an amended motion to remand. [DE 5; DE 6]. Cobble contends that removal from state court pursuant to § 1442(a)(1) was improper for the following reasons: (1) this Court lacks territorial jurisdiction because the federal courthouse where the underlying criminal conduct took place is in the state of Kentucky and the underlying criminal case is nonexistent in the record, (2) adverse rulings by other judges in the United States District Court on unrelated cases deprive this Court of jurisdiction over this current action, (3) the restitution lien prevents Cobble from getting a Veterans Administration ("VA") loan, and (4) "the federal judge adjudicating the instant action (this case) has a material interest in not releasing the invalid lien because it would implicate the criminal acts of Magistrate Dave Whalin, Judge Thomas Russell, and others." [DE 5, DE 6 at 2–5]. The Court rejects these arguments.

The federal-officer removal statute allows removal of actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1); *see also Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017). The purpose of § 1442(a)(1) is to permit the removal of "those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed . . . under color of office." *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (internal citations omitted). "The statute reflects Congress' intent 'to provide a federal forum for cases where federal officials must raise defenses arising from their official duties.'" *Reed v. Monroe*, No. C09-4026-MWB, 2009 WL 2176063, at *1 (N.D. Iowa July 21, 2009) (quoting *Magnin*, 91 F.3d at 1427). As such, "§ 1442(a)(1) is an exception to the well-pleaded complaint rule, which generally precludes removal where a federal question is not apparent within the four corners of the complaint." *Reed*, 2009 WL 2176063 (citing *Mesa v.*

*California*, 489 U.S. 121, 136–37 (1989)). Furthermore, this section is broadly construed in favor of removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981); *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia,* 790 F.3d 457, 467 (3d Cir. 2015), as amended (June 16, 2015); *Akers v. Flannigan*, No. 21-2042-HLT, 2021 WL 2104976, at *1 (D. Kan. May 25, 2021).

Cobble's suit names the United States Attorney for the Western District of Kentucky as a defendant for the actions taken by himself, his predecessors, and/or his agents under color of federal office. *Mesa*, 489 U.S. 136–137. By virtue of the fact that Cobble sued the United States Attorney, Bennett was authorized to remove this case from state circuit court to federal district court pursuant to 28 U.S.C. § 1442(a)(1). *See, e.g, Leitner v. United States*, 725 F. Supp. 2d 36, 39 (D.D.C. 2010) (removal of case against United States Attorney proper under § 1442(a)(1)); *Leitner v. United States*, 679 F. Supp. 2d 37, 41 (D.D.C. 2010) (same); *Reed*, 2009 WL 2176063, at *1 (same). Accordingly, Cobble's motion and amended motion to remand [DE 5; DE 6] are **DENIED**.

### III. MOTION TO DISMISS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court

need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complaint must still contain either direct or inferential allegations about all material elements to sustain a recovery under some viable legal theory. *See Leisure*, 21 F. App'x at 278. Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff

of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Child.*, No. 3:07-CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

### B. Analysis

As discussed above, a federal jury convicted Cobble in 2007 for pouring roofing tar on the federal courthouse grounds in Louisville, Kentucky, and the Court ordered Cobble to pay restitution for costs of cleaning up the tar as part of his sentence. In August of 2007, the United States Attorney's Office filed a federal criminal judgment lien in Jefferson County, Kentucky, in the amount of $15,839.21. [DE 1-1 at 4]. The lien was made against Cobble's property pursuant to 18 U.S.C. § 3613(c) and (d). Title 18 U.S.C. § 3613(c) provides that "[a] fine . . . or an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined" or ordered to pay restitution. 18 U.S.C. § 3613(c). Pursuant to § 3613(d), "the notice of lien shall be considered a notice of lien for taxes payable to the United States for the purpose of any State or local law proving for the filing of a notice of a tax lien." 18 U.S.C. § 3613(d). The lien continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to § 3613(b), which in this case is April 17, 2027. 18 U.S.C. § 3613(c).

The complaint seeks an injunction to prevent the United States Attorney for the Western District of Kentucky from enforcing the 2007 federal criminal judgment lien. Cobble also seeks compensatory and punitive damages and demands that he be repaid monies that have been offset by the United States Treasury since 2015 and applied to his restitution debt. [DE 1-1 at 1–2]. With respect to the underlying criminal action, Cobble asserts that he was not legally indicted, the court did not have jurisdiction, and that a grand jury did not convene to issue a signed indictment. [*Id.*

at 5]. Cobble also alleges that his wife was fired from her position at a day care as a result of the restitution lien, and that Cobble has been denied VA loan financing because of the lien. [*Id.* at 1–2].

Bennett now moves to dismiss Cobble's complaint arguing that (1) Cobble may not use a civil suit to relitigate his criminal conviction, (2) the doctrines of res judicata and issue preclusion also bar Cobble's attempts to relitigate issues that have already been decided, (3) the Court lacks authority to reduce or eliminate Cobble's restitution obligation; (4) the efforts by the United States to enforce the 2007 order of restitution are proper; (5) Cobble's speculation regarding government involvement in his wife's termination from her job is not sufficient to state a claim; and (6) Cobble's complaint fails to overcome sovereign immunity. [DE 21]. In response, Cobble filed a notice that the instant action is already closed and resumed in state court because the federal court lacks jurisdiction. [DE 23]. Cobble further claims that the removal statutes are unconstitutional. [DE 23 at 1]. Bennett filed a reply to Cobble's response. [DE 24].

### *1. Challenge to Criminal Convictions*

Cobble once again attempts to challenge his 2007 federal criminal convictions. *See Cobble v. United States*, No. 3:08-CV-123-ART, 2008 WL 3080152 (W.D. Ky. Aug. 5, 2008); *Cobble v. Simpson*, No. 3:09-CV-00682-TBR, 2009 WL 3423444 (W.D. Ky. Oct. 14, 2009). Here, Cobble argues that the restitution order "falsely specifies [he] was prosecuted in federal case/indictment 3:06cr93-R." [DE 1-1 at 5]. Cobble maintains that he was not legally indicted, the court did not have jurisdiction, and the grand jury did not meet to issue a signed indictment. *Id.*

First, to the extent Cobble seeks injunctive relief regarding the validity of his criminal convictions, "[a] federal district court lacks jurisdiction to disturb a federal criminal conviction as part of an independent civil action against the government officials involved in securing the

conviction." *Simpson*, 2009 WL 3423444, at *2 ; *see also Hamilton v. Simpson*, 31 F. App'x 889, 890 (6th Cir. 2002); *Black v. Kiper*, No. 3:18-CV-P515-CRS, 2019 WL 6883811, at *2–3 (W.D. Ky. Dec. 17, 2019) (a "civil-rights action is not the proper remedy for a state prisoner who is challenging the fact or length of his custody").

Second, to the extent Cobble seeks monetary damages regarding his criminal convictions, the doctrine announced in *Heck v. Humphrey* prevents such a claim. "Under the *Heck* doctrine, a plaintiff cannot challenge [his] criminal conviction in a civil suit unless the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Dobson v. Sandidge*, No. 1:20-CV-00115-GNS, 2021 WL 707657, at *2 (W.D. Ky. Feb. 23, 2021) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254)). Thus, when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. "The Sixth Circuit has extended *Heck* to suits against federal officials arising out of federal convictions." *Simpson*, 2009 WL 3423444, at *2 (citing *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998)). Because a successful outcome on this claim would imply the invalidity of Cobble's federal convictions, this civil action for money damages for the alleged wrongful convictions is barred by *Heck*. *Simpson*, 2009 WL 3423444, *2; *Cobble v. United States*, 2008 WL 3080152, at *4.

Therefore, Bennett's motion to dismiss Cobble's challenge to his 2007 criminal convictions is granted.

### 2. Challenge to Ordered Restitution

Cobble's challenge to the restitution ordered in his federal criminal case and his demand

for recovery of the amount of restitution already collected are likewise barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Cobble's restitution order is not distinct from his underlying convictions, and Cobble's attack of the lawfulness of the restitution order attacks the lawfulness of his convictions. *See, e.g., Blaney v. Killeen*, No. 16-CV-12074, 2016 WL 6609235, at *2 (E.D. Mich. Nov. 9, 2016); *Anderson v. Kelley*, No. 4:20-CV-01195-JM-JTR, 2021 WL 2694247, at *3 (E.D. Ark. June 3, 2021), report and recommendation adopted, No. 4:20-CV-1195-JM-JTR, 2021 WL 2685378 (E.D. Ark. June 30, 2021); *Molina v. United States*, No. 1:20-CV-911, 2021 WL 229614, at *2 (M.D. Pa. Jan. 22, 2021).

Furthermore, to the extent Cobble attempts to challenge the overall validity of the district court's restitution order, "such a challenge should have been made on direct appeal." *United States v. Banks,* 422 F. App'x 137, 140 (3d Cir. 2011); *see also Molina*, 2021 WL 229614, at *2. This Court lacks authority to alter the amount of restitution ordered. *See, e.g., United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011); *United States v. Bratton-Bey*, 564 F. App'x 28, 29 (4th Cir. 2014); *United States v. Martinovich*, No. 4:12-CR-101, 2017 WL 11367723, at *5 (E.D. Va. Nov. 21, 2017).

Accordingly, Bennett's motion to dismiss Cobble's challenge to the restitution ordered as a part of his 2007 criminal convictions is granted.

### 3. *Injunction for Release of Lien and Denial of VA Loan Financing*

Cobble seeks release of a "falsified lien held by the U.S. Attorneys Office in Louisville, Kentucky." [DE 1-1 at ¶ 1]. Cobble maintains that the lien is fabricated and "must be removed from active status," as the lien is unenforceable. *Id.* at ¶ 2. Cobble asserts that " [n]ot only has the U.S. Attorneys office been collecting illegal [installments] from Cobble's Social Security entitlements on this illegal lien since May 2015, but also the lien is preventing approval of Cobble's

9

VA loan for his family's mortgage for a new home." *Id.* at ¶ 4. Additionally, Cobble seeks a refund of the $14,550 collected pursuant to the lien "with compensatory and punitive damages for [the United States] ongoing embezzlement and theft for over five years." *Id.* at ¶ 6.

The Court finds that Cobble fails to articulate any actionable claim against Bennett for the imposition of the Notice of Judgment Lien (the federal criminal judgment lien), the assessment of the levy against his social security payments, or the denial of his loan by the VA. As noted by the Supreme Court, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, the exhibits attached to Cobble's complaint coupled with the records from Cobble's federal criminal action reflect that the lien in question arises from a final Order of Restitution entered pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(a)(1). The filing of the Notice of Judgment Lien in Jefferson County in 2007 was specifically authorized by 18 U.S.C. § 3613(c) which provides that "[a] fine . . . or an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined" or ordered to pay restitution. 18 U.S.C. § 3613(c). Additionally, Cobble's social security payments are properly subject to a tax under the Treasury Offset Program ("TOP") based on his failure to pay restitution. *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) ("Holley's social security disability payments were properly subject to a 15% levy pursuant to the TOP based on her failure to pay restitution.") (citing 26 U.S.C. § 6331(h)). Pursuant to that program, upon defendant's failure to pay restitution or a criminal monetary penalty, "the Secretary of the Treasury shall collect such tax by levying against all of defendant's property and rights to property." *United States v. Holley*, No. 5:12-CR-00065-JMH, 2019 WL 1756258, at *3 (E.D. Ky. Apr. 19, 2019) (citing 26 U.S.C. § 6331(h)). Finally, Cobble's inability to obtain a VA loan stems from his failure

10

to pay the required restitution in a timely manner. Accordingly, Cobble fails to state a claim for which relief can be granted for the imposition of a lien or a tax levy against Cobble's property, including his social security payments, and dismissal of this claim is warranted.

### 4. Termination of Employment of Cobble's Wife

Cobble alleges that "he believes Gov'mt operatives coerced his wife's childcare employer to terminate his wife's employment on December 9, 2020." [DE 1-1 at 2]. Cobble lacks standing to assert any claim on his wife's behalf regarding her loss of employment. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992); *Lifter v. Cleveland State Univ.*, 707 F. App'x 355, 364 (6th Cir. 2017) (Plaintiff lacks standing to bring claims on her spouse's behalf); *Clum v. Puckett*, No. 2:17-CV-233-JRG-MCLC, 2018 WL 2709509, at *4 (E.D. Tenn. June 5, 2018) (same). Thus, Bennett's motion to dismiss Cobble's claim regarding his wife's loss of employment is granted.

### 5. Constitutionality of Removal Statute

Finally, the Court rejects Cobble's argument in his response that all removal statutes are unconstitutional. [DE 23 at 1]. The United States Supreme Court has repeatedly upheld the principal of removal. *See Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969). Additionally, "the constitutionality of [28 U.S.C.] § 1442, the federal officer removal statute, is well-established." *Larsen v. Frederiksen*, 277 F.3d 1040, 1041 (8th Cir. 2002).

For the reasons set forth above, the Court **GRANTS** Bennett's motion to dismiss. [DE 21].

### IV. MOTION FOR RELIEF

In addition to filing a motion to dismiss, Bennett filed a motion for relief from repetitive and vexatious litigation relating to Cobble's 2007 criminal conviction and restitution obligations previously litigated in *United States v. Cobble*, 3:06-CR-93. [DE 22]. Bennett argues that

although Cobble was convicted by a jury and ordered to pay restitution in the federal criminal case, Cobble has continued to tie up the judiciary and others with frivolous and repeatedly-rejected *pro se* assertions for the past 15 years. Bennett further represents that Cobble has filed "articles of impeachment" against members of the judiciary and the Clerk of Court, sent criminal complaints about judges and others who have contributed to judicial rulings Cobble dislikes, thrown bricks through glass in the courthouse doors, filed frivolous UCC liens, sued judges who ruled against him, and most recently sent arrest warrants to a local sheriff seeking the arrest of members of the United States Attorney's Office. *Id.* at 1.

Bennett requests that the Court find that Cobble's civil litigation concerning his conviction and restitution obligation in *United States v. Cobble*, Criminal Action No. 3:06-CR-93, is repetitive and vexatious. Bennett further requests that this Court prohibit Cobble from filing any further actions before this Court or state court seeking relief as a result of claims about his prosecution or conviction in Criminal Action No. 3:06-CR-93, the Order of Restitution entered in that case, or the resulting lien, without first obtaining prior approval from this Court. [DE 22 at 19]. Cobble did not respond to this motion. Recently, Bennett filed a renewed and second motion for relief against Cobble's repetitive and vexatious filings noting that Cobble has continued filing pleadings in the Franklin Circuit Court despite the fact that the current action has been removed to this Court. [DE 25].

It is well established that a court possesses the inherent authority to control proceedings before it, and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, *id.* 45–46, including entry of

an order prospectively requiring the vexatious litigant to obtain permission from the court before filing any new lawsuit. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989). In addition to the district court's authority "to require prolific litigators to obtain leave of court before accepting any further complaints for filing," the court may also "deny a vexatious litigant permission to proceed *in forma pauperis*." *Alvey v. Western Kentucky Univ.*, No. 1:21-CV-49-BJB, 2021 WL 3134251, at *2–3 (W.D. Ky. July 23, 2021); *see also In re McDonald*, 489 U.S. 180, 184–85 (1989); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. March 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)). Additionally, "federal courts possess the power to issue narrowly-tailored orders to enjoin vexatious litigants from filing future state court actions without permission from the court." *McClafferty v. Portage Cty. Bd. of Comm'rs*, No. 5:19-CV-2219, 2021 WL 1214841, at *20 (N.D. Ohio Mar. 30, 2021) (citing *Newby v. Enron Corp.*, 302 F.3d 295, 301–02 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions.")). *See also Johnson v. Bell*, No. 2:15-CV-0048, 2016 WL 5339599, at *3 (W.D. Mich. Jan. 15, 2016); *State of Michigan v. City of Allen Park*, 573 F. Supp. 1481, 1487 (E.D. Mich. 1983) ("It is well established that a court has the power under the All Writs Act . . . to enjoin the repetitive litigation of the same issue."); *Kersh v. Borden Chem., Inc.*, 689 F. Supp. 1442 (E.D. Mich. 1988) (requiring leave of court for both federal and state suits).

The record reflects that Cobble's allegations in the present case are very similar to allegations made in other lawsuits filed in or removed to this Court and which this Court dismissed. *See, e.g.*, *Cobble v. United States*, 2008 WL 3080152, at *4 ("Mr. Cobble cannot overturn his

criminal conviction in this manner. Rather, the validity of an underlying conviction 'may be challenged only on direct appeal or through a habeas corpus proceeding.'"); *Cobble v. Simpson*, 2009 WL 3423444, at *2 (dismissing claims for "money damages for any alleged wrongs that were committed against Cobble by the federal officials involved in securing his convictions"); *Cobble v. Geithner*, No. 3:11-CV-21-S, 2011 WL 1625093, at *1 (W.D. Ky. Apr. 28, 2011) (dismissing Cobble's complaint styled "Petition for Release on Lien").

The Court finds the imposition of sanctions against Cobble pursuant to its inherent authority appropriate. Cobble's continued submission of frivolous and duplicative lawsuits related to his 2007 criminal convictions, as well as the corresponding restitution order and lien, serves no legitimate purpose, places a tremendous burden on the Court's limited resources, and wastes the time and resources of the defendants who must defend against these vexatious actions. In an effort to prevent further duplicative ligation, the Court will require Cobble to obtain permission from the Court before filing any new lawsuit related to his previous criminal convictions. Accordingly, the Court **GRANTS** Bennett's motion for relief from repetitive and vexatious litigation.

Furthermore, a review of Cobble's litigation history in only the Western District of Kentucky reveals that he has filed 20 civil actions in this Court or that were removed to this Court since 2001, including at least 14 cases initially without payment of filing fees. Many of these cases have been dismissed as frivolous. The right to proceed *in forma pauperis* or without the payment of fees is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "And federal courts have the authority to revoke or deny this privilege if a litigant abuses the privilege of proceeding *in forma pauperis* by filing frivolous, harassing, or duplicative lawsuits." *Sublett v. Henson*, No. 5:16-CV-00184-TBR, 2020 WL 1290609, at *7 (W.D. Ky. Mar. 18, 2020) (citing *In re McDonald*, 489 U.S. at 184–85); *Maxberry*, 879 F.2d at 224. The Court **WARNS** Cobble that

if he continues to file further frivolous lawsuits, even ones unrelated to his 2007 criminal conviction, it may impose further sanctions against him, including but not limited to prohibiting Cobble from filing *any* action in the Western District of Kentucky without payment of the full filing fee.

## V. CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS:**

(1) Cobble's Motion and Amended Motion to Remand [DE 5; DE 6] are **DENIED**.

(2) Bennett's Motion to Dismiss [DE 21] is **GRANTED**.

(3) Bennett's Motions for Relief against Repetitive and Vexatious Filings [DE 22; DE 25] are **GRANTED**.

(4) Plaintiff, Daniel Cobble, is **PRECLUDED, RESTRAINED,** and **ENJOINED** from filing any civil lawsuit in **state or federal court** asserting factual or legal claims based upon or arising out of his prosecution or convictions in *United States v. Cobble,* Criminal Action No. 3:06-CR-93-TBR (W.D. Ky.), the Order of Restitution entered in that case, or the resulting lien **without first obtaining leave of court**.

(5) Plaintiff, Daniel Cobble, must seek leave and written permission from the court before filing any new civil actions concerning the subject matter of this action or any claims based upon or arising out of his prosecution or convictions in *United States v. Cobble,* Criminal Action No. 3:06-CR-93-TBR (W.D. Ky.), the Order of Restitution entered in that case, or the resulting lien. The request for leave should be styled "Motion Pursuant to Court Order Seeking Leave to File Complaint." Cobble shall certify under oath or affirmation (i) that the complaint is not a repetition of Cobble's previous complaints or petitions, and (ii) that the new lawsuit is taken in good faith

and that the claims he raises are not frivolous or malicious. The proposed complaint must be attached to the request for leave of court. Failure by Cobble to seek leave of court shall permit the court wherein the case is filed to dismiss the case.

(6) The Court will enter a separate judgment consistent with this Memorandum Opinion and Order.

Rebecca Grady Jennings, District Judge
United States District Court

August 20, 2021

cc: Daniel Cobble, *pro se*
    counsel of record